UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| GARY COLLINS, | CASE NO. 1:09-cv-02868 |
| Plaintiff, | JUDGE OLIVER |
| v. | MAGISTRATE JUDGE VECCHIARELLI |
| SYNTHES USA SALES, LLC, | REPORT AND RECOMMENDATION DOC. NO. 6. |
| Defendant. | |

Before the court is the motion of Synthes USA Sales, LLC ("Synthes")[1] to transfer the case to the United States District Court for the Eastern District of Pennsylvania ("the motion"). Doc No. 6. Plaintiff, Gary Collins ("Collins") opposes the motion. Doc. No. 11. For the reasons given below, Synthes' motion should be GRANTED.

I.

Except where described as "alleged" or otherwise noted, the parties do not dispute the following facts for purposes of this motion.

Synthes is a Delaware corporation with a principal place of business in West Chester, Pennsylvania and licensed to do business in Ohio. Collins grew up in Ohio. He asserts that he currently maintains a residence in Ohio, while Synthes asserts that Collins

---

[1] Synthes alleges that Collins has incorrectly named Synthes as the defendant in this action. According to Synthes, the proper parties to the action are Synthes, Inc., Synthes USA HQ, Inc., and Synthes USA, LLC.

maintains a residence in Shanghai.[2]

In June 2008, Synthes recruited Collins to work as its Regional Controller for Synthes Asia Pacific. Collins applied for the position while in China and then interviewed for the position in person in West Chester, Pennsylvania. Synthes hired Collins as one of its United States' employees, and Collins began working at Synthes on September 22, 2008 at Synthes' headquarters in West Chester. Collins' Letter of Assignment states, "Your Host Country assignment location will be Shanghai, China, and your Home Country location has been designated as Cleveland, Ohio." Letter of Assignment,[3] Donohue Declaration, Exh. 2, p. 1. It also provides, "The Letter of Assignment shall be governed by the law governing the United States Employment Contract. Any litigation, whether relating to labor or other laws shall be decided in accordance with the applicable law by the United States."[4] *Id.* at 5. Paragraph three of the Letter of Assignment provides:

---

[2] Collins supports his claim to be a permanent resident of Ohio before, during, and after his employment by Synthes by way of affidavit. *See* Affidavit of Collins, Opposition Brief, Exh. B. The affidavit claims that Collins currently maintains a residence in Strongsville, Ohio, although his driver's license gives his residence as Eastlake, Ohio and he receives tax information from the State of Ohio in Eastlake. *Id.* at 1-2. Synthes' Motion to Transfer pleads that Collins is a permanent resident of China, and a sworn declaration pursuant to 28 U.S.C. § 1746 by Robert Donohue asserts that Collins lived in China from 2002 forward. *See* Declaration of Robert Donohue ("Donohue Declaration"), Motion to Transfer, Exh. C, p. 3. In the Pennsylvania action filed by Synthes, Inc., Synthes USA HQ, Inc., and Synthes USA, LLC, however, described below, the plaintiffs plead that Collins is a permanent resident of Ohio and maintains a residence in Eastlake, Ohio. *See* Complaint, Motion to Transfer, Exh. A, p. 2.

[3] This document refers to itself as a "Letter of Assignment." Collins refers to the Letter of Assignment as an "employment contract." Synthes denies that there was any employment contract between it and Collins.

[4] Collins regards this provision as ambiguous and asks that it be construed against Synthes to mean that Pennsylvania law need not be applied. The court does not regard the provision as ambiguous. It does not require that any particular law within the United

> The anticipated time period for your international assignment is 3 to 5 years. If necessary, and mutually agreed upon by the Home Company, the Host Company, and yourself, your assignment may be extended. Should your assignment be extended longer than five years, you will be fully localized to the Host Country, and all assignment benefits will cease.

*Id.* at 1. Paragraph five of the Letter of Assignment stated that Collins would be paid a salary of $185,000 per year and would be eligible to participate in Synthes' bonus plan at 418 units. *Id.* at 2. Paragraph 16 of the Letter of Assignment provided that Collins would receive tax equalization benefits. *Id.* at 2-3.[5]

Collins worked in West Chester before being assigned to China.[6] Early in Collins' tenure at Synthes, he went to Canada to observe the installation of a software system. One member of the Synthes management team allegedly made several derogatory comments during this trip regarding Collins' perceived homosexuality. Collins reported these comments to his supervisor and other employees, but Synthes allegedly took no action regarding them.

After working in West Chester, Collins began working for Synthes in Shanghai,

---

States be applied, merely that the appropriate law of a United States' jurisdiction be applied rather than Chinese law.

[5] While Collins was working in West Chester, he signed a "Confidentiality, Non-Solicitation and Non-Competition Agreement," Donohue Declaration, Exh. 3, and an "Employee Innovation and Non-Disclosure Agreement," Donohue Declaration, Exh. 8. Both agreements declared that they were governed by Pennsylvania law and could be enforced exclusively by state and federal courts of competent jurisdiction in the Commonwealth of Pennsylvania. Collins consented to the personal jurisdiction of these Pennsylvania courts in signing each agreement. As neither agreement is at issue in this case, however, they are not relevant to the motion to transfer.

[6] Collins contends that he worked in Pennsylvania for 29 days before leaving for China. Synthes pleads that Collins worked in Pennsylvania for about two months, but the Donohue declaration appended to the Motion to Transfer states that Collins worked in West Chester from September 22, 2008 through October 30, 2008. Donohue Declaration at 6.

China as regional controller.  Collins reported to Donohue (a manager based in the West Chester headquarters), had regular contacts with West Chester, regularly used Synthes' servers in Pennsylvania, and was paid out of Synthes' United States' payroll.  Collins received one performance evaluation while working at Synthes and was evaluated as being "fully successful."

Synthes terminated Collins on August 23, 2009.  Collins alleges that Synthes terminated him in whole or part because of his perceived homosexuality.  Synthes alleges that it terminated Collins for unsatisfactory performance.

On October 20, 2009, Synthes, Inc., Synthes USA HQ, Inc., and Synthes USA, LLC filed an action against Collins for declaratory judgment in the United States District Court for the Eastern District of Pennsylvania.  The action seeks declarations that Collins and Synthes did not enter into an enforceable employment contract when Synthes hired Collins.

On November 16, 2009, Collins filed an action against Synthes in the Court of Common Pleas in Cuyahoga County, Ohio.  Collins alleges that his termination by Synthes violated his employment contract which, according to Collins, promised employment for three to five years.  Collins also alleges that Synthes violated the employment contract by failing to pay his 2009 bonus and his tax equalization benefits.  The complaint asserted actions for breach of contract, unjust enrichment, promissory estoppel, quantum meruit, and a violation of public policy, *viz.* Ordinance 77-94 of the City of Cleveland, Ohio.  Collins' complaint seeks compensatory damages, punitive damages, interests, costs, expenses, and reasonable attorney's fees.

On December 10, 2009, Synthes removed this action to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  On December 17, 2009, Synthes moved to transfer

the action to the Eastern District of Pennsylvania.  Collins opposes this motion.

II.

Title 28 U.S.C.A. § 1404**(a)** provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This statute supercedes the common law doctrine of *forum non conveniens* except in cases in which the alternative forum lies outside the United States.  *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994).  Pursuant to § 1404(a), "district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate."  *Phelps v. McClellan,* 30 F.3d 658, 663 (6th Cir.1994).

"[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"  *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647, n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991)).  These considerations require a court to "weigh a number of . . . case specific factors," such as the presence of a forum selection clause and

> the relative ease of access to sources of proof; the availability of process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; [and] the practical problems associated with trying the case most expeditiously and inexpensively.  In short, the Court may consider any factor that may make any eventual trial easy, expeditious, and inexpensive.

*Cherokee Export Co. v. Chrysler Intern. Corp.*, 1998 WL 57279, at *2 (6th Cir. Feb. 2, 1996) (quoting *International Car Show Ass'n v. ASCAP,* 806 F. Supp. 1308, 1310 (E.D. Mich. 1992)).  Nevertheless, "unless the balance is strongly in favor of the defendant, the

5

plaintiff's choice of forum should rarely be disturbed." *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (quoting *Dowling v. Richardson-Merrell, Inc.,* 727 F.2d 608, 612 (6th Cir. 1984)).

The preference given to a plaintiff's choice of forum when two suits have been filed successively in differing forums is usually expressed in the "first-to-file" doctrine. The "first-to-file" doctrine is a rule of federal comity which permits a district court to decline jurisdiction over an action involving the same parties and issues as a previously-filed action in another federal jurisdiction. *See Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180 (1952). The rule permits flexibility in its application, however, as the letter and the spirit of the rule are grounded in equitable principles. *Equal Employment Opportunity Comm'n v. University of Pennsylvania*, 850 F.2d 969, 977 (3d Cir. 1988); and *Columbia Plaza Corp. v. Security Nat. Bank,* 525 F.2d 620, 621 (D.C. Cir. 1975); *see also Kerotest Mfg. Co. v. C-O-Two Co.,* 342 U.S. 180, 183-84 (1952). In particular, bad faith, forum shopping, and the institution of a suit in anticipation of a suit in a less favorable forum are proper grounds for declining to enforce the rule. *See Ven-Fuel, Inc. v. Department of the Treasury,* 673 F.2d 1194, 1195 (11th Cir. 1982); *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 217, 219 (2d Cir. 1978); *Mattel, Inc. v. Louis Marx & Co.,* 353 F.2d 421, 424 n.4 (2d Cir. 1965); and *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.,* 130 F.2d 474, 476 (3d Cir. 1942).

The action filed by Synthes in Pennsylvania preceded Collins' suit in this court by nearly a month. Synthes argues, therefore, that it should receive the benefit of the "first-to-file" doctrine. Collins responds, however, that Synthes' suit was filed in anticipation of his own suit in an attempt to keep the suit in a more convenient forum and, therefore, the "first

to file" rule should not be applied. Collins cites *International Union, United Auto., Aerospace & Agr. Implement Workers of America-UAW v. Dana Corp.*, 1999 WL 33237054 (N.D. Ohio Dec. 6, 1999), for the proposition that a court should decline to enforce the doctrine when a declaratory judgment action is filed in anticipation of a suit in another forum.

As Synthes accurately points out, the facts of *International Union* differ in important respects from the instant case. Most notably, the court found in *International Union* that the forum in which the declaratory judgment action was filed had no logical connection to the persons and events implicated in the suit. That is not the case here. Synthes filed its action in the Eastern District of Pennsylvania, where Collins was hired and where he worked before returning to China. It is also the place where the domestic witnesses and documents in the case are likely to be located.

Moreover, while Collins avers that he maintains a residence in Ohio, Synthes alleges, and Collins does not deny, that Collins is actually living in China. Consequently, Collins cannot claim that he would be greatly inconvenienced by litigating the case in the Eastern District of Pennsylvania rather than in the Northern District of Ohio.

While Synthes' suit is an anticipatory suit, and the court might decline for that reason to enforce the first-to-file doctrine, the court is not required to decline to enforce it. Given the facts of this case, including the convenience of likely witnesses and access to relevant documents, the court should enforce the "first-to-file" doctrine. The court should, therefore, grant Synthes' motion to transfer.

IV.

For the reasons given above, Synthes' motion to transfer the case to the Eastern

District of Pennsylvania should be GRANTED.


Date: February 12, 2010                 /s/ *Nancy A. Vecchiarelli*
                                                   United States Magistrate Judge

## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**