UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY COLLINS, | ) | Case No.: 1:09 CV 2868 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| SYNTHES USA SALES, LLC, | ) | |
| | ) | |
| Defendant | ) | ORDER |

Plaintiff Gary Collins ("Plaintiff" or "Collins") brings the above-captioned breach of contract action against his former employer, Defendant Synthes USA Sales, LLC ("Defendant" or "Synthes"). Now pending before the court are the following Motions: (1) Defendant's Motion to Change or Transfer Venue (ECF No. 6); (2) Defendant's Motion to Vacate January 25, 2010, Discovery Order, or Stay Discovery Pending a Decision on the Report and Recommendation (ECF No. 16); (3) Defendant's Motion for Leave to File a Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 19); and (4) Defendant's Amended Motion for Leave to File a Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 20). The court referred Defendant's Motion to Change or Transfer Venue to Magistrate Judge Nancy A. Vecchiarelli for preparation of a Report and Recommendation ("R&R"). Magistrate Judge Vecchiarelli recommends that the court grant this Motion.

For the reasons that follow, the court adopts Magistrate Judge Vecchiarelli's Report and Recommendation and grants Defendant's Motion to Change or Transfer Venue. The court also denies as moot Defendant's Motion to Vacate Discovery Order and Motion for Leave to File a Response, and grants Defendant's Amended Motion for Leave to File a Response.

## I. BACKGROUND

This suit centers on an employment dispute between Collins and his former employer, Synthes. Collins, who is originally from Ohio, interviewed for a position with Synthes, whose principal place of business is in West Chester, Pennsylvania. The position required Collins to move to China, where he worked until his termination. Before moving to China, however, Collins worked for Synthes for at least one month in West Chester. On August 23, 2009, Synthes terminated Collins, allegedly for unsatisfactory performance. Collins claims that his termination was in breach of his purported employment contract.

On October 20, 2009, Synthes filed a suit against Collins in federal court in the Eastern District of Pennsylvania for declaratory relief that the parties did not enter into an enforceable employment contract. One month later, Collins filed a suit against Synthes for breach of contract, among other claims, in the Cuyahoga County Court of Common Pleas in Ohio. Synthes thereafter removed the suit to this court. After removal, Synthes filed a Motion to Change or Transfer Venue, requesting that this action be transferred to the Eastern District of Pennsylvania, where it had filed suit. In this Motion, Synthes argues that the court should apply the "first-to-file" doctrine, which, in a case such as this where two lawsuits with identical parties and issues have been filed in different forums, preference on the forum is given to the plaintiff that filed its action first. Collins, however, argues that courts recognize exceptions to this rule such as bad faith, forum shopping, and filing an

action in anticipation of a suit. He claims that the court should follow the ruling in *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.-UAW v. Dana Corp.*, No. 3:99CV7603, 1999 U.S. Dist. LEXIS 22525 (N.D. Ohio Dec. 6, 1999) (Carr, J.), which he claims held that when declaratory actions are filed in anticipation of another suit, as occurred in the instant case, the "first-to-file" doctrine does not apply.

After the parties fully briefed this issue, Magistrate Judge Vechiarelli issued an R&R (ECF No. 15), recommending that the court grant Defendant's Motion. She found that while Synthes's suit was filed in anticipation of Plaintiff's, the instant case is distinguishable from *Int'l Union* because the defendant in that case filed an anticipatory, declaratory judgment action in a forum with no logical connection to the underlying facts in the case. Instead, in this case, she noted that Eastern District of Pennsylvania is the location where Collins was hired and where he worked before returning to China. She also stated that the domestic witnesses and documents are likely to be located in Pennsylvania. She further rejected that Collins would be greatly inconvenienced by this venue because "while Collins avers that he maintains a residence in Ohio, Synthes alleges, and Collins does not deny, that Collins is actually living in China." (R&R at 7.)

Plaintiff Collins objects to Magistrate Judge Vechiarelli's R&R. In response to Plaintiff's Objection, Defendant filed a Motion for Leave to File a Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, seeking leave to file a response to Plaintiff's objections. Defendant then filed an Amended Motion, including an amended brief in response to the objections. In addition to again responding to Plaintiff's objections, Defendant submitted an order from the Eastern District of Pennsylvania from Defendant's declaratory judgment action, in which the court denied Collins' request to dismiss the case for improper venue. The court concluded

- 3 -

that venue was proper in Pennsylvania and rejected many of the arguments that Collins asserts in the instant case. Because Defendant, in this Motion for Leave, merely seeks to respond to Plaintiff's objections and bring forth further support to its Motion to Transfer, the court hereby grants Defendant's Amended Motion for Leave. The original Motion for Leave is therefore denied as moot.

Defendant also filed a Motion to Vacate this Court's January 25, 2010, Discovery Order or to Stay Discovery Pending a Decision on the Report and Recommendation (ECF No. 16). Defendant requests that the court vacate the Order setting the schedule for discovery in the case in light of the Magistrate Judge's recommendation that the court transfer the case to the Eastern District of Pennsylvania. In the alternative, it requests that the court stay discovery until the court decides its Motion to Change or Transfer Venue. In light of the court's decision to transfer this case as discussed below, this Motion is hereby denied as moot.

## II. LAW AND ANALYSIS

Plaintiff asserts two main objections to the R&R. He first reasserts his contention that *Int'l Union* is applicable and analogous to the instant case. The court in *Int'l Union* was concerned with the application of the "first-to-file" doctrine to cases where one party files first a declaratory judgment suit in a forum of its choice where the opposing party had indicated an intent to sue. As the R&R makes clear, however, the court, in that case, was particularly concerned with the fact that the declaratory judgment action was filed in a venue wholly unrelated to the suit. *Int'l Union*, 1999 U.S. Dist. LEXIS 22525, at *16. The court stated that the plaintiff-company in the declaratory judgment suit filed its action in North Carolina despite the fact that it was headquartered in Ohio, most witnesses were likely in Ohio, none of the likely witnesses were in North Carolina, and no other relevant activities occurred in that state. *Id.*

- 4 -

In the instant case, despite Plaintiff's argument to the contrary, there are connections between the underlying suit and Pennsylvania. While Plaintiff purports that only one relevant witness lives in Pennsylvania, Defendant contends that nearly all of the domestic witnesses are in Pennsylvania. Defendant makes clear that in addition to the fact that Collins's supervisor is in Pennsylvania, the company's records as well as its corporate offices are maintained in Pennsylvania. Additionally, Plaintiff concedes that he was hired in Pennsylvania and spent at least some time in the state training for the position in China. Thus, the court agrees that in filing the suit in Pennsylvania, Synthes did not file in a location wholly unrelated to the suit, as occurred in *Int'l Union*. Instead, the underlying case bears several key connections to that venue.

Second, Collins argues that despite the finding in the R&R to the contrary, he lives in Ohio. However, the R&R merely notes that "while Collins avers that he maintains a residence in Ohio, Synthes alleges, and Collins does not deny, that Collins is actually living in China." (R&R at 7.) Collins further claims that Synthes misrepresented to the court that he still lived in Ohio as the company was fully aware that he had moved there after Synthes' counsel sent Collins' repatriation expense check on January 25, 2010. (Pl.'s Obj. to R&R at 8, ECF No. 17.) Defendant responds that this payment was made after the initiation of his suit, and it was never made aware of the place to which Collins was moving. Regardless of this issue, Plaintiff has not demonstrated that a suit in Pennsylvania would serve as a great inconvenience to him  More importantly, the court finds that the circumstances in the instant case do not warrant departure from the "first-to-file" rule, as there is no evidence that Synthes acted in bad faith by first filing a declaratory action to determine its rights in the dispute in a venue that is closely related to the underlying facts of the case.

After careful *de novo* review of Magistrate Judge Vecchiarelli's R&R as well as the further briefing by the parties on this matter, the court finds that the recommendation to transfer this case to the Eastern District of Pennsylvania is fully supported by the record and controlling case law. Accordingly, the court grants Defendant's Motion to Change or Transfer Venue.

### III. CONCLUSION

The court hereby adopts Magistrate Judge Vechiarelli's Report and Recommendation (ECF No.15) as its own and grants Defendant's Motion to Transfer or Change Venue (ECF No. 6). This case is therefore transferred to the Eastern District of Pennsylvania. Additionally, the court denies as moot Defendant's Motion to Vacate January 25, 2010, Discovery Order or Stay Discovery Pending a Decision on the Report and Recommendation to Transfer this Case (ECF No. 16) and Motion for Leave to File a Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 19).  The court also grants Defendant's Motion for Leave to File a Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 20).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 2, 2010